SUMNER ROCKWOOD, Administrator, *vs.* GEORGE K. WIGGIN & others.

The delivery of the property, necessary to the validity of a gift *causa mortis*, cannot be proved by subsequent declarations of the deceased, shortly before death, to a person not connected with the gift.

BILL IN EQUITY by the plaintiff as administrator of the estate of his deceased wife, Betsey T. Rockwood, against George K. Wiggin, Allen Wiggin, Ellen Kelleher, and the executor of the will of Pierce Edgerly, to obtain possession of a trunk containing several promissory notes payable to her, and two books containing the evidence of deposits made by her in a savings bank. The defendants claimed the property under a gift *causa mortis* from the deceased; and an issue to determine whether she had made such a gift was framed and tried before *Hoar, J.,* and found for the defendants.

At the trial, the defendants proved a letter signed by the deceased, and not witnessed, containing directions for the distribution of this property among the defendants; and the following questions of law arose, and were ruled, for the purposes of the trial, in favor of the defendants, and reported for the consideration of the full court:

1st. Whether a married woman can make a valid gift *causa mortis* of the whole or any part of her separate property, without the assent of her husband.

2d. Whether a gift *causa mortis* of deposits in a savings bank can be made by a delivery of the bank book.

3d. Whether the following testimony of Thais Stoddard was competent evidence to prove such a gift: " I visited Mrs. Rockwood on the day of her death; Mrs. Rockwood said she had made a will, and asked me whether I thought the will would stand the law; said that she had written it and given it to Ellen; that she wished Ellen to keep it and her trunk and papers in the trunk to give to Pierce to carry to Lawrence in case she died. She mentioned notes and bank books in the trunk, and

said she had sold a farm in Worcester County, and the notes for it were in the trunk; that she wished her property disposed of according to the paper, as she had written, and that Ellen was to have some of it; that the paper was written three days before, and that Ellen had the trunk and was to give it to Pierce to carry to Lawrence. Pierce was Mrs. Rockwood's brother, and was in the house at the time. Ellen was a domestic in the family."

*O. Stevens*, for the defendants.

*W. S. Leland*, for the plaintiff.

DEWEY, J. To constitute a valid gift *causa mortis*, there must be a delivery of the property to the donee, or to some third person for the donee.

The declarations of the deceased to Thais Stoddard, as shown by the defendants in her testimony, are not competent evidence to establish the alleged *donatio causa mortis*. The fact of delivery must be proved by other evidence than by mere declarations of the deceased to a person disconnected with the transaction, of the character stated in the report of the evidence in the present case. The language used by the deceased to this witness would seem rather to indicate that she had the purpose to dispose of her property by a will. Such gifts being really of a testamentary character, and operating in favor of the donee much as a legacy, and yet without the safeguards that the statute has thrown around wills, are not to be sustained, unless clearly established by the proof of all the facts essential to their validity.

Whether a married woman can make a valid gift *causa mortis* of her whole property without the assent of her husband, under the provisions of our statute restricting a testamentary disposition of her sole property to one half the amount thereof, we have not thought necessary in the present state of this case to decide; or to consider the question whether deposits in savings banks can be subjects of such donation by a mere delivery of the bank books. *Verdict set aside, and new trial ordered.*